J-S29006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER JAMES HUMMEL IV | : | |
| | : | |
| Appellant | : | No. 1171 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 15, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-MD-0002051-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER JAMES HUMMEL IV. | : | |
| | : | |
| Appellant | : | No. 1181 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 15, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-MD-0002052-2023

BEFORE: DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED: October 9, 2024**

Appellant, Walter James Hummel, IV, appeals from the judgment of sentence entered in the Court of Common Pleas of Allegheny County on May 15, 2023, following his conviction for two counts of Indirect Criminal Contempt ("ICC") resulting from his violations of two Protection from Abuse ("PFA")

orders.[1] He challenges the sufficiency of the evidence establishing that he acted with wrongful intent. After careful review, we affirm.

**A.**

We glean the relevant factual and procedural history from the trial court opinion and the certified record. Appellant and D.S. are former paramours who have two children together. Appellant also has a 15-year-old daughter, K.S., from a previous relationship. Appellant is subject to two PFA orders, one filed by D.S. ("D.S.'s PFA order") and one filed by K.S.'s legal guardian, Crystal Dougherty, on K.S.'s behalf ("K.S.'s PFA order"). D.S.'s PFA order prohibited Appellant from communicating with her, other than using the AppClose messaging application to discuss custody, and K.S.'s PFA order prohibited Appellant from contacting her.[2]

In January 2023, Appellant violated D.S.'s PFA order when he entered her garage to retrieve items. As a result, he faced pending criminal charges for Burglary and related offenses. Appellant then contacted D.S. via AppClose, called her, and sent text messages several times over the course of two weeks, asking her to say that she lied about the burglary, and promising to help her financially, including by paying child support, if she did. D.S. ultimately declined.

---

[1] 23 Pa.C.S. § 6114.

[2] The court docketed the ICC case involving K.S.'s PFA petition at CP-02-MD-0002051-2023 ("K.S.'s case"), and the ICC case involving D.S.'s PFA petition at CP-02-MD-0002052-2023 ("D.S.'s. case"). On appeal, this Court consolidated the cases *sua sponte*.

On March 13, 2023, D.S. filed a complaint alleging that Appellant violated her PFA order based on the phone calls and text messages that he had sent her outside of AppClose in which he asked her to say that she lied about the burglary. Ms. Dougherty also filed a complaint alleging a violation of K.S.'s PFA order because Appellant had contacted K.S. via a text message.[3] The Commonwealth charged him with two counts of ICC.

On May 15, 2023, the parties proceeded to a bench trial, in which D.S. and Ms. Dougherty testified in accordance with the above facts. Appellant also testified. During his testimony, he stated that D.S. had initiated contact with him, and that she had offered to "drop the burglary and PFAs" in exchange for child support. N.T. Trial, 5/15/23, at 33. He also testified that he did not initially realize that D.S. had texted him outside of AppClose due to her new phone number. When the court asked Appellant why he continued to communicate with D.S. despite the PFA order, he responded that "[his] children are the only reason." *Id.* at 31-32.

At the conclusion of the hearing, the court found Appellant guilty of both counts of Indirect Criminal Contempt. The court sentenced Appellant to a term of 6 months' probation on each case to run concurrently, ordered him to pay a $300 fine in each case, and ordered him to complete a Batterers' Intervention Program for D.S.'s case. The court also extended K.S.'s PFA

---

[3] The certified record does not contain the trial court exhibits, which included screenshots of the messages.

order to remain in effect until January 18, 2026, and D.S.'s PFA order to remain in effect until March 8, 2026. Appellant timely filed a post-sentence motion, which the court denied on August 11, 2023.

**B.**

Appellant timely appealed. Following remand for Appellant to file a Rule 1925(b) Statement, both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Did the trial court err by concluding that [Appellant] had committed [I]ndirect [C]riminal [C]ontempt in this case where he lacked wrongful intent?

Appellant's Br. at 6.

**C.**

Appellant avers that the evidence was insufficient to prove Indirect Criminal Contempt. *See id.* at 14-20. We review an Indirect Criminal Contempt conviction for an abuse of discretion. *Commonwealth v. Haigh*, 874 A.2d 1174, 1177 (Pa. Super. 2005). "We rely on the discretion of the trial court judge and are confined to a determination of whether the facts support the trial court's decision." *Commonwealth v. Felder*, 176 A.3d 331, 333 (Pa. Super. 2017).

In reviewing whether the evidence was sufficient to support the conviction, "we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to

enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Taylor*, 137 A.3d 611, 614 (Pa. Super. 2016) (*en banc*) (citation omitted). In applying the above test, "we may not weigh the evidence and substitute our judgment for the fact-finder." *Commonwealth v. Brumbaugh*, 932 A.2d 108, 109 (Pa. Super. Ct. 2007) (citation omitted). "Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Id.* at 110 (citation omitted).

This Court has repeatedly stated that "[t]he purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." *Commonwealth v. Lambert*, 147 A.3d 1221, 1226 (Pa. Super. 2016) (citation omitted). "Where a PFA order is involved, an indirect criminal contempt charge is designed to seek punishment for violation of the protective order[.]" *Commonwealth v. Jackson*, 10 A.3d 341, 346 (Pa. Super. 2010) (citation omitted).

To establish Indirect Criminal Contempt, the Commonwealth must prove that: "1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent." *Commonwealth v. Walsh*, 36 A.3d 613, 619 (Pa. Super. 2012). Relevantly,

it is sufficient to establish wrongful intent if there is a "substantial certainty" that the defendant's actions would violate the PFA order. **Brumbaugh**, 932 A.2d at 111 (determining that evidence was sufficient to establish wrongful intent where the appellant traveled with the victim to a party, even though the victim invited him, due to the "substantial certainty" that his conduct would violate the PFA).

**D.**

Appellant concedes that the PFA orders were clear, that he had notice of the PFA orders, and that he acted of his own volition when he contacted D.S. outside of AppClose and when he contacted K.S. **See** Appellant's Br. at 15. However, Appellant argues that there was insufficient evidence to prove Indirect Criminal Contempt because he did not act with wrongful intent. **Id.** at 20. Rather, he asserts that he "only responded to [D.S.'s] advance" and did not initiate the contact, and that "[h]is purpose was merely to express his concern and affection [for his children] during difficult times." **Id.**

In support of his argument, Appellant compares this case to **Haigh**, **supra**. Appellant's Br. at 18-20. In **Haigh**, the trial court convicted the appellant of ICC because he spoke to his wife about her recent surgery while both were in court for a hearing on an ICC charge alleging that he violated his wife's PFA order against him. **See** Appellant's Br. at 18-19, citing **Haigh**, 874 A.2d at 1176. Our Court reversed after concluding that the evidence was insufficient to establish wrongful intent because the contact was "both *de minimis* and non-threatening," and the appellant was unaware that he was

not permitted to speak to his wife while they were together in the courtroom. *Haigh*, 874 A.2d at 1177-78.

In this case, the trial court inferred that Appellant acted with wrongful intent because the record indicated that he chose to contact D.S. outside of AppClose and contacted K.S., despite understanding that the PFA orders prohibited him from doing so. Trial Ct. Op., 2/16/24, at 5-6 (unpaginated); N.T. Trial at 45-46. Accordingly, the court concluded that the evidence was sufficient to establish that Appellant acted with wrongful intent. *See id.* Additionally, the court determined that the content of the messages was irrelevant. Trial Ct. Op. at 5; N.T. Trial at 46.

Appellant's arguments fail to demonstrate that the court abused its discretion. First, we note that *Haigh* is inapposite. Here, Appellant does not claim that he was unaware that he was not permitted to contact D.S. and K.S. In fact, he concedes that both PFA orders were clear. *See* Appellant's Br. at 15. Furthermore, the trial court reasonably inferred, based on facts supported by the record, that Appellant acted with wrongful intent because he communicated with D.S. and K.S. despite knowing that doing so would violate both PFA orders. We give the benefit of all reasonable inferences to the Commonwealth as verdict winner. *Taylor*, 137 A.3d at 614. Accordingly, the Commonwealth presented sufficient evidence to establish wrongful intent in both cases, and the court properly exercised its discretion.

Appellant essentially asks this Court to view the evidence in the light most favorable to him and to assign greater weight to the content of his

messages and his testimony. We will not re-weigh the evidence or substitute our judgment for that of the fact-finder. **See Brumbaugh**, 932 A.2d at 109. Therefore, this argument merits no relief. We, thus, affirm the judgment of sentence.

Judgment of Sentence affirmed.

P.J.E. Bender did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/09/2024